Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Raagini Shah (SBN 268022)
Email: rshah@reedsmith.com
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:  +1 213 457 8000
Facsimile:  +1 213 457 8080

Attorneys for Defendant
FIA Card Services N.A.

FILED

12 SEP 24 PM 1: 55

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT CALIFORNIA

| | |
|---|---|
| FRANK ANTONIO CORONA, ROSALIE J. CORONA, and FRANCESCA CORONA,<br><br>    Plaintiff,<br><br> vs.<br><br>FIA CARD SERVICES N.A. and Does 1 through 100,<br><br>    Defendants. | Case No. 12CV2322 LAB JMA<br><br>[Removal from Superior Court of California, County of San Diego Case No. 37-2012-00102808-CU-NP-CTL]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) AND (c)**<br><br>**[FEDERAL QUESTION]**<br><br>Complaint Filed: August 22, 2012 |

ORIGINAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FAXED

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant FIA CARD SERVICES N.A. ("FIA") hereby removes this action described below from the Superior Court of California for the county of San Diego to the United States District Court for the Southern District of California, pursuant to Sections 1331, 1441(b) and (c), and 1446 of Title 28 of the United States Code ("U.S.C."). The removal is based on the following:

I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

1.      On August 22, 2012, Plaintiffs Frank Antonio Corona, Rosalie J. Corona, and Francesca Corona ("Plaintiffs") filed a complaint ("Complaint") against FIA in the Superior Court of the State of California for the County of San Diego, entitled <u>Frank Antonio Corona et al v. FIA Card Services N.A.</u>, Case No. 37-2012-00102808-CU-NP-CTL (hereinafter, the "State Court Action"). The Complaint alleges (1) Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code Section 1788 *et seq.*; (2) Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq*; and (3) Intrusion. The Complaint and Summons are attached hereto as **Exhibit A**, as required by 28 U.S.C. §1446(a).

2.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action arising under the laws of the United States, specifically the TCPA. *See Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740 (2012) (holding that federal question jurisdiction exists for cases alleging violation of the TCPA).

3.      This Court also has supplemental jurisdiction over Plaintiff's state claims as these claims arise from the same core operative facts relating to FIA's alleged violations of the TCPA. Accordingly, Plaintiff's state law claims are related to

US_ACTIVE-110640244.1-RRSHAH

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367 AND 1441

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Plaintiff's federal question claims, and thereby form a part of the same case and

2  controversy pursuant to 28 U.S.C. § 1367(a).

3  II.       THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4        4.      FIA was served with the Complaint on August 23, 2012.

5        5.      This Notice of Removal is timely in that it is filed within thirty (30) days

6  from the point at which FIA had notice that the action was removable, and less than a

7  year after the commencement of the state court action.  See 28 U.S.C. § 1446(b).  *See*

8  *also Yanik v. Countrywide Home Loans, Inc.*, CV 10-6268 CAS, 2010 WL 4256312,

9  *3 at fn 6 (C.D. Cal. Oct. 18, 2010) (holding that if 30-day deadline to remove falls on

10 a weekend, removal deadline extends to next court date); *see also* Fed. R. Civ. P. 6(a).

11       6.      The Superior Court of California for the County of San Diego is located

12 within the United States District Court for the Southern District of California.  See 28

13 U.S.C. § 84(c)(2).  Thus venue is proper in this Court because it is the "district and

14 division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

15       7.      The only defendant named in the Complaint is FIA.  Accordingly, all

16 named defendants consent to this removal.

17       8.      In compliance with 28 U.S.C. § 1446(d), FIA will serve on Plaintiff and

18 will file with the Clerk of the Superior Court for the County of San Diego, a written

19 "Notice to the Clerk of the Superior Court of the County of San Diego and To

20 Adverse Parties of Filing of Notice of Removal of Civil Action to Federal Court,"

21 attaching a copy of this Notice of Removal and all supporting papers.

22       9.      No previous application has been made for the relief requested herein.

23 ///

24

25

26

27

28

US_ACTIVE-110640244.1-RRSHAH

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367 AND 1441

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    WHEREFORE, FIA respectfully removes this action from the California
2    Superior Court for the County of San Diego to this Court pursuant to 28 U.S.C. §§
3    1332, 1441 and 1446.

4
5    DATED: September 24, 2012

6
7                                          REED SMITH LLP
8
9    By _____
     Abraham J. Colman
10    Raagini Shah
     Attorneys for FIA Card Services N.A.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

US_ACTIVE-110640244.1-RRSHAH

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1367 AND 1441

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FIA CARD SERVICES, N.A., and Does 1 through 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRANK ANTONIO CORONA, ROSALIE J. CORONA and
FRANCESCA CORONA

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2012 AUG 22  A  9: 07

COURT
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of San Diego, Civil Division 330 West Broadway, San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):* 37-2012-00102808-CU-NP-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffery R. Menard, Esq., 350 10th Ave., STE 1000 San Diego, CA 92101, 858-240-3566

| DATE: 8/21/2012  AUG 2 2 2012 *(Fecha)* | Clerk, by *(Secretario)* F. Pacho | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* FIA Card Services, N.A.

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 8/23/12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>— Jeffery R. Menard (SBN 248508)<br>350 10th St.<br>Suite 1000<br>San Diego, CA 92101<br>TELEPHONE NO.: 858-240-2566   FAX NO.: 858-605-6170<br>ATTORNEY FOR *(Name)*: Frank, Rosalie J. and Francesca Corona | FOR COURT USE ONLY<br><br>FILED<br>CIVIL BUSINESS OFFICE 13<br>CENTRAL DIVISION<br><br>2012 AUG 22  A 9: 07<br><br>... A COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Civil

CASE NAME:
Corona v. FIA Card Services, N.A.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2012-00102808-CU-NP-CTL |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

**2.** This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
**4.** Number of causes of action *(specify)*: 3
**5.** This case ☐ is ☑ is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/21/2012

(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

1   Jeffrey R. Menard, Esq. SBN 248508
    600 "B" St.
2   Suite 2230
    San Diego. CA 92101
3   Telephone: (858) 240-2566

4

5   Attorney for Plaintiffs,
    FRANK ANTONIO CORONA, ROSALIE J. CORONA and FRANCESCA CORONA

6

7           SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO

8                           CENTRAL DIVISION

9
    FRANK ANTONIO CORONA, ROSALIE J. )   Case No.:    37-2012-00102808-CU-NP-CTL
10  CORONA and FRANCESCA CORONA,      )
                                      )
11          PLAINTIFF,                )   COMPLAINT FOR VIOLATIONS OF THE
                                      )   ROSENTHAL FAIR DEBT COLLECTION
12  v.                                )   PRACTICES ACT (CCC SECTION
                                      )   1788-1788.32); VIOLATIONS OF
13  FIA CARD SERVICES, N.A. and Does 1 )  THE TELEPHONE CONSUMER
14  through 100                       )   PROTECTION ACT (47 U.S.C. §227
                                      )   ET SEQ.); AND INTRSION
15                                    )
            DEFENDANTS.               )
16                                    )
                                      )
17                                    )   Demand for Jury Trial
                                      )
18                                    )
                                      )
19                                    )

20          COMES NOW PLAINTIFFS who seek damages against the DEFENDANTS. and each

21
22  of them as follows:

23                      I.      INTRODUCTION

24  1. The California legislature has determined that the banking and credit system and grantors

25      of credit to consumers are dependent upon the collection of just and owing debts and that

26      unfair or deceptive collection practices undermine the public confidence that is essential

27      to the continued functioning of the banking and credit system and sound extensions of
28

credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. Frank Antonio Corona, Rosalie J. Corona and Francesca Corona, individually, (hereinafter "PLAINTIFFS"), by PLAINTIFF's attorney, brings this action to challenge the actions of FIA CARD SERVICES, N.A. (hereinafter "FIA"), a business entity form unknown and Does 1 through 100, (hereinafter FIA together with Does 1 through 100 will be referred to as "DEFENDANTS"), with regard to attempts by DEFENDANTS, a debt collector, to unlawfully and abusively collect a debt allegedly owed by PLAINTIFFS, and this conduct caused PLAINTIFFS damage.

3. For the purposes of this Complaint for Damages, unless otherwise indicated, "DEFENDANTS" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, managing agents and insurers of DEFENDANT(s) named in this caption.

## II.    PARTIES

4. PLAINTIFFS are natural people who reside in the County of San Diego, State of California and are obligated or allegedly obligated to pay a debt and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5. PLAINTIFFS are natural people from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

PLAINTIFFS and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

6. PLAINTIFFS are informed and believe that Defendant, FIA, a business entity form unknown, is a company operating and licensed to do business in San Diego County.

7. The identity and true names and capacities of the DEFENDANTS named herein as DOES 1 through 100, inclusive and each of them are not known to PLAINTIFFS. PLAINTIFFS will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named DEFENDANTS are responsible in some way for the occurrences alleged herein and that PLAINTIFFS damages as alleged herein were proximately caused by the conduct of each of these DEFENDANTS.

8. PLAINTIFFS are informed and believe and thereon allege that each of the DEFENDANTS named herein is the agent, employee, servant and/or successor of the remaining DEFENDANTS in that in doing the acts alleged herein said DEFENDANTS were acting within the course and scope of said agency, employment, agency or successorship.

9. PLAINTIFFS are informed and believe, and thereon allege, that the DEFENDANTS are entities that use instrumentalities of interstate commerce or the mails for business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

10. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS are not attorneys or counselors at law and are an entity who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

11. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural people by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### III.   FACTUAL ALLEGATIONS

12. At all times relevant, PLAINTIFFS were individuals residing within the State of California.

13. PLAINTIFFS are informed and believe, and thereon allege, that at all times relevant DEFENDANTS conducted business in the State of California.

14. PLAINTIFFS allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d). Namely, the PLAINTIFF allegedly incurred a FIA Credit Card used for the purchase of regular household consumer items.

15. DEFENDANTS began and continued making calls on and off multiple times per day in an attempt to collect this debt from PLAINTIFFS.

16. On 1/17/2012 at 5:45 pm, PLAINTIFF ROSALIE J. CORONA answered a telephone call from FIA. ROSALIE J. CORONA, spoke to a representative of FIA who identified

themselves as "Diane" during which time FRANK CORONA, made it clear to "Diane" of FIA that FIA did not have PLAINTIFFS permission to call any cellular phone.

17. On 1/17/2012 at 5:56 pm, (11 minutes after the previous phone call to FRANK CORONA), PLAINTIFF ROSALIE J. CORONA answered a telephone call from FIA. ROSALIE J. CORONA, spoke to a representative of FIA who identified themselves as "Diane" during which time ROSALIE J. CORONA, made it clear to "Diane" of FIA that FIA did not have PLAINTIFFS permission to call any cellular phone.

18. FIA then began to telephone Plaintiff, FRANCESCA CORONA, the mother of FRANK CORONA, in order to harass her in an attempt to get FRANK CORONA and ROSALIE J. CORONA to satisfy their debt. After each phone call to FRANCESCA CORONA, FRANK CORONA telephoned FIA and instructed them to not call his mother, FRANCHESCA CORONA, anymore.

19. FIA telephoned FRANCESCA CORONA on three different occasions, ever after FRANK CORONA, instructed not to do so.

20. Prior to 1/17/2012, FRANK CORONA and ROSALIE J. CORONA, received no less than 500 phone calls total. FIA would call the PLAINTIFFS three times per day, once to FRANK CORONA's cellular phone, once to ROSALIE J. CORONA's cellular phone and once to their home phone line.

21. DEFENDANTS willfully and knowingly made no less than 300 phone calls to PLAINTIFFS' cellular phones using an automatic phone dialer system.

22. PLAINTIFFS have never given any DEFENDANTS permission to call their cellular phones and if DEFENDANTS did have authorization, PLAINTIFFS rescinded this authorization on 1/17/2012.

23. These collection communications on these occasions to PLAINTIFFS were false, deceptive, harassing, oppressive, and abusive communications by these DEFENDANTS in violation of numerous and multiple provisions of the FDCPA and RFDCPA, including but not to limited to violated California Civil Code Section 1788.17 by violating 15 U.S.C Section , 1692 (b)(3), 1692 d, 1692 d (5), 1692 e, and 1692 f.  DEFENDANTS also violated California Civil Code Section 1788.11 (d), and 1788.11(e).

24. The acts and omissions of the individual DEFENDANTS, and the other debt collectors employed as agents by DEFENDANTS who communicated with PLAINTIFF as described herein, were committed within the time and space limits of their agency relationship with their principal, DEFENDANTS.

25. The acts and omissions by the individual DEFENDANTS and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by DEFENDANTS in collecting consumer debts.

26. By committing these acts and omissions against PLAINTIFFS, the individual DEFENDANTS and these other debt collectors were motivated to benefit their principal, DEFENDANTS.

27. DEFENDANTS are therefore liable to PLAINTIFF through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the RFDCPA, in their attempts to collect this debt from PLAINTIFFS.

28. DEFENDANTS acted maliciously by repeatedly calling and harassing the PLAINTIFFS, even after PLAINTIFFS instructed DEFENDANTS that DEFENDANTS did not have PLAINTIFFS permission to call their cellular phones.  This conduct was intended by the

DEFENDANTS to cause injury to the PLAINTIFF, and it did cause injury to the PLAINTIFFS. DEFENDANTS conduct was also despicable conduct which was carried on by the DEFENDANTS with a willful and conscious disregard of the rights of the PLAINTIFFS.

29. DEFENDANTS conduct was also oppressive. The repeated, harassing phone calls using abusive and aggressive tactics was despicable conduct that subjected the PLAINTIFFS to cruel and unjust hardship in conscious disregard of the PLAINTIFFS rights.

30. In committing the acts alleged herein, DEFENDANTS, FIA, and DOES 1 through 100, and each of them, have acted maliciously and oppressively. Each of these acts has been ratified and adopted by DEFENDANTS' officers, director and managing agents, so as to justify an award of exemplary and/or punitive damages in an amount to be determined at the time of trial, sufficient to deter DEFENDANTS from engaging in the same conduct in the future.

31. PLAINTIFFS have suffered actual damages as a result of these illegal collection communications by these DEFENDANTS in the form of anger, anxiety, deterioration of marriage, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the PLAINTIFF' home.

## IV.    FIRST CAUSE OF ACTION

### (Violation of the Rosenthal Fair Debt Collection Practices Act Section 1788 – 1788.32)

32. PLAINTIFFS incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of DEFENDANTS constitute numerous and multiple violations of the RFDCPA.

34. As a result of DEFENDANT's violations of the RFDCPA, PLAINTIFF is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from DEFENDANT.

## V.  SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 et seq.)

35. PLAINTIFFS incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of each and every DEFENDANT constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq., with respect to each PLAINTIFFS.

37. As a result of each and every DEFENDANT's violations of the TCPA, PLAINTIFFS are entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C. §227 et seq.; and, reasonable attorney's fees and costs pursuant to 47 U.S.C. §227 et seq. from each and every DEFENDANT herein.

## VI.   THIRD CAUSE OF ACTION

### (INTRUSION)

38. PLAINTIFFS incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. DEFENDANTS intentionally penetrated PLAINTIFF's zone of sensory privacy surrounding him by repeatedly calling him and harassing him.

40. PLAINTIFFS had a reasonable expectation of seclusion and solitude at home and at work which is the primary place where most of these phone calls took place.

41. The 500 + phone calls in less than a year was highly offensive to PLAINTIFF and would be highly offensive to a reasonable person.

WHEREFORE, PLAINTIFF prays that judgment be entered against DEFENDANTS for:

### FIRST CAUSE OF ACTION

1.   An award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant and for each Plaintiff;

2.   An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant and for each Plaintiff.

### SECOND CAUSE OF ACTION

1.   For an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;

2.  For an award of statutory damages of $1,500.00 per violation pursuant to 47 U.S.C. §227 et seq. against  each and every Defendant and for each Plaintiff;

3.  For an award of costs of litigation and reasonable attorney's fees pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for each Plaintiff;

### THIRD CAUSE OF ACTION

4.  For an award of actual damages against each and every Defendant and for each Plaintiff;

5.  For an award of emotional distress damages against each and every Defendant and for each Plaintiff;

6.  For an award of punitive damages against each and every Defendant and for each Plaintiff;

Dated: 8/21/2012                    By: _____

Jeffery R. Menard, attorney for PLAINTIFFS



Superior Court of California
County of San Diego

## NOTICE OF ASSIGNMENT
## TO IMAGING DEPARTMENT

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 90 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:   330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY AND ZIP CODE:   San Diego, CA 92101<br>BRANCH NAME:   Central<br>TELEPHONE NUMBER:   (619) 450-7075 | |
| PLAINTIFF(S) / PETITIONER(S):   Frank Antonio Corona et.al. | |
| DEFENDANT(S) / RESPONDENT(S):  FIA CARD SERVICES NA | |
| CORONA VS. FIA CARD SERVICES NA | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2012-00102808-CU-NP-CTL |

Judge: Richard E. L. Strauss                                           Department: C-75

COMPLAINT/PETITION FILED: 08/22/2012

### ALL CASES MUST COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW, EXCEPT FOR PARKING CITATION APPEALS

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2012-00102808-CU-NP-CTL     CASE TITLE: Corona vs. FIA CARD SERVICES NA

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
   (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
   (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
   (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Other ADR Processes:  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
   • In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
   • In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |
| PLAINTIFF(S): Frank Antonio Corona et.al. | |
| DEFENDANT(S): FIA CARD SERVICES NA | |
| SHORT TITLE: CORONA VS. FIA CARD SERVICES NA | |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2012-00102808-CU-NP-CTL |
|---|---|

Judge: Richard E. L. Strauss                                      Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                             ☐ Binding private arbitration

☐ Voluntary settlement conference (private)       ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                    ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____            Date: _____

_____                  _____
Name of Plaintiff                                 Name of Defendant

_____                  _____
Signature                                         Signature

_____                  _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                  _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 08/22/2012                       _____
                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION        Page: 1

3

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                         ) ss
COUNTY OF LOS ANGELES )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 355 South Grand Avenue, Suite 2900, Los Angeles, California  90071.

     I am readily familiar with the firm's business practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under said practice, correspondence is deposited with the U.S. Postal Service in the ordinary course of business on that same day with postage thereon fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this declaration.

     On September 24, 2012, I served the foregoing document described as: **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) AND (c)** by having placed a true copy thereof in a sealed envelope addressed as follows:

     Jeffrey R. Menard, Esq.
     350 10th Avenue
     Suite 1000
     San Diego, California  92101
     Telephone:  (858) 240-2566

I deposited such envelope with postage thereon prepaid with the United States Postal Service at 355 South Grand Avenue, Suite 2900, Los Angeles, California.

     I am employed in the office of a member of the bar at whose direction service was effected.

     Executed on September 24, 2012, at Los Angeles, California.

Charles Koster
Type or Print Name

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Frank Antonio Corona, Rosalie J. Corona, and Francesca Corona | GC Services, N.A. |

12 SEP 24

12CV2322 LAB JMA

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT

BY _____ DEPUTY

| (b) County of Residence of First Listed Plaintiff  San Diego | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Jeffrey R. Menard, 350 10th Ave. Ste 1000<br>San Diego, California 92101<br>858-240-2566 | Attorneys *(If Known)*<br>Raagini Shah, Reed Smith LLP, 355 South Grand Ave. Suite 2900,<br>Los Angeles, California 90071<br>213-457-8000 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Section 227 et seq.

Brief description of cause:
Alleges violation of the Telephone Consumer Protection Act by Defendant

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE
09/24/2012

SIGNATURE OF ATTORNEY OF RECORD
*Rwm*

FOR OFFICE USE ONLY

RECEIPT # 12881   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

09/24/12

# PROOF OF SERVICE

STATE OF CALIFORNIA      )

                              ) ss

COUNTY OF LOS ANGELES )

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071.

       I am readily familiar with the firm's business practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under said practice, correspondence is deposited with the U.S. Postal Service in the ordinary course of business on that same day with postage thereon fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this declaration.

       On September 24, 2012, I served the foregoing document described as: **CIVIL COVER SHEET** by having placed a true copy thereof in a sealed envelope addressed as follows:

       Jeffrey R. Menard, Esq.
       350 10th Avenue
       Suite 1000
       San Diego, California 92101
       Telephone:  (858) 240-2566

I deposited such envelope with postage thereon prepaid with the United States Postal Service at 355 South Grand Avenue, Suite 2900, Los Angeles, California.

       I am employed in the office of a member of the bar at whose direction service was effected.

       Executed on September 24, 2012, at Los Angeles, California.

Charles Koster
Type or Print Name

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS042881
Cashier ID: mbain
Transaction Date: 09/24/2012
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
----------------------------------
CIVIL FILING FEE
  For: CORONA V FIA CARD SERVICES
  Case/Party: D-CAS-3-12-CV-002322-001
  Amount:        $350.00
----------------------------------
CHECK
  Check/Money Order Num: 114928
  Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.